UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARIAN V. WILLIAMS,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>AMERICAN CREDIT & COLLECTIONS,<br>LLC, et al.,<br><br>　　　　　　Defendant(s). | Case No. 2:16-cv-00890-JCM-NJK<br><br>ORDER<br><br>(Docket No. 35) |

　　　　Pending before the Court is a stipulation to extend the discovery cutoff and subsequent deadlines by 90 days. Docket No. 35. The request is seeking a 50% increase to the presumptively reasonable discovery period of 180 days. *See* Local Rule 26-1. "The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006).

　　　　The reasons provided for the extension requested in this case are that (1) Plaintiff will receive certain confidential information on or before October 24, 2016, and wishes to review that information before taking Defendant's Rule 30(b)(6) deposition, and (2) the parties are concerned there may be availability issues hindering the ability to complete depositions before the discovery cutoff of November 14, 2016. Docket No. 35 at 3. Neither reason establishes good cause. Plaintiff will receive the information cited at least three weeks before the close of discovery, and the parties have failed to explain

why that is not sufficient time to prepare for Defendant's Rule 30(b)(6) deposition. *See id.*[1] Moreover, speculative concerns about scheduling conflicts are not good cause for an extension given that the parties have more than a month to coordinate schedules to obtain depositions before the close of discovery.

Accordingly, the stipulation to extend is **DENIED**.

IT IS SO ORDERED.

DATED: October 12, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Nor is it clear why it has taken so long for Defendant to produce the documents, whether they are confidential or not. Documents should generally be produced within 30 days of the service of a request for production. *See* Fed. R. Civ. P. 34(b)(2)(A). The requests for production were served in this case on May 23, 2016, *see* Docket No. 35 at 2, but Defendant did not provide responses until August 19, 2016, *id.*, and the parties did not seek a stipulated protective order until September 26, 2016, *id.* Moreover, it is unclear why Defendant was not already in the process of gathering the documents for production so that they could be produced promptly upon the entry of the stipulated protective order. While the Court appreciates parties cooperating with one another during discovery, *cf.* Fed. R. Civ. P. 29 (parties may stipulate to extensions not impacting court deadlines), the parties provide no explanation why the documents at issue are set to be produced <u>five months after they were requested</u>.